Paul ODIE,

v.

**GENERAL MOTORS CORPORATION.**

**Civ. A. No. 88–2573–WD.**

United States District Court,
D. Massachusetts.

June 18, 1990.

Frank J. Ciano, Gargano, Gabriele, Ciano & Panatore, Cambridge, Mass., for plaintiff.

Charles K. Mone, John J. Bateman, Campbell & Associates, Cambridge, Mass., for defendant.

ORDER ON GENERAL MOTORS CORPORATION'S RULE 37(b)(2) MOTION FOR SANCTIONS (# 103)

ROBERT B. COLLINGS, United States Magistrate

Rule 16(f), Fed.R.Civ.P., provides, in pertinent part:

> If a ... party's attorney fails to obey a scheduling ... order ... the judge, upon motion ..., may make such orders in regard thereto as are just, and among

others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge *shall* require the ... attorney ... to pay the reasonable expenses incurred because of any non-compliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

I find that in the instant case, plaintiff's counsel has violated the First and Second Scheduling Orders of this Court on two occasions. The first was when he served a request for production of documents without leave of Court after the close of discovery, which, in turn, required the defendant to file a motion for protective order. The second was when he filed notices of four depositions for a date certain after the close of discovery while his motion to extend the discovery period to take the depositions had not yet been acted upon or set for hearing. This prompted the defendant to file the instant motion for sanctions.

The underlying facts are that on August 22, 1989, I issued a Scheduling Order which provided in paragraph (1) that:

(1) All discovery in the above-styled case (with the exception of discovery re: experts) shall be FILED and/or SERVED *on or before the close of business on Friday, December 1, 1989* and COMPLETED *on or before the close of business on Wednesday, January 3, 1990.*

The plaintiff filed a Motion To Enlarge The Discovery Deadline (# 70). The motion was heard on January 16, 1990. After hearing, I issued a Second Scheduling Order (# 80). Paragraph (1) read, in pertinent part:

(1) Paragraph (1) [of the Scheduling Order entered August 22, 1989] remains in effect except as modified herein and as may be further modified in the future.

Paragraph (6) of the Second Scheduling Order read:

(6) Between now and the further conference [scheduled for March 2, 1990], the plaintiff may take the deposition of

Paul Carpenter and the deposition of the MBTA regarding the circumstances of the replacing of the seat on the bus on which the plaintiff was injured.

As matters stood at the close of the conference on January 16, 1990, I had allowed an extension of discovery only to the extent that the plaintiff could take two depositions.

On March 2, 1990, at a conference, I allowed an extension of time to take the two depositions.

At no time was there a motion to enlarge discovery to permit the serving of a further request for production. Nonetheless, on May 18, 1990, plaintiff's attorney served a request for production of documents on defendant's counsel.

On May 31, 1990, plaintiff's counsel filed a Motion To Enlarge Discovery (# 91) to allow the depositions of five MBTA employees. The opposition (# 94) was filed on June 5. Despite the fact that the Court had taken no action on the motion or scheduled a hearing, plaintiff's counsel, on June 22, 1990, filed Notices of Deposition (## 99, 100, 101, 102) for four of the MBTA employees listed in the Motion To Enlarge Discovery (# 91) scheduling the depositions for July 19, 1990. In response, the defendant filed its motion for sanctions (# 103) on July 12, 1990.

The serving of the request for production on May 18, 1990 and the filing of the four notices of deposition on June 22, 1990 were violations of the two Scheduling Orders because, until modified by the Court, those Orders prohibited the plaintiff from filing or serving any further discovery unless and until the Court granted leave to the plaintiff to do so. Plaintiff's counsel's actions had the effect of requiring the defendant to take action, i.e., filing of a motion for protective order and a motion for sanctions, which would have not been necessary if the plaintiff's attorney had obeyed the Scheduling Orders and had obtained an amendment of those Orders before proceeding. In addition, plaintiff's counsel's actions evidence a deliberate indifference to the provisions of the scheduling orders

of this Court. Such an attitude, if not the subject of sanctions when manifested in violations of the scheduling orders, tends to make a mockery of the Court's effort to manage civil cases in an efficient manner. I find that in the circumstances of this case, it is necessary to impose a sanction on plaintiff's counsel.

Accordingly, it is ORDERED that General Motors Corporation's Rule 37(b)(2) Motion For Sanctions (# 103) be, and the same hereby is, ALLOWED to the extent that the plaintiff's counsel is ORDERED, pursuant to Rule 16(f), Fed.R.Civ.P., to pay the costs, including reasonable attorney's fees, in an amount to be determined by the Court, which were incurred by General Motors in preparing, filing and litigating the motion for protective order and the motion for sanctions. Counsel for the defendant shall file and serve, *on or before the close of business on Friday, August 2, 1990,* an affidavit or affidavits detailing the costs, including reasonable attorney's fees, incurred in preparing, filing and litigating the motion for protective order and motion for sanctions. Counsel for the plaintiff is granted leave to file an opposition to the amount of any claimed costs *on or before the close of business on Friday, August 24, 1990.*