Paul ODIE,

v.

GENERAL MOTORS CORPORATION.

Civ. A. No. 88–2573–WD.

United States District Court,
D. Massachusetts.

Nov. 16, 1990.

John J. Bateman, Richard P. Campbell, Charles K. Mone, Campbell and Associates, Cambridge, Mass., for defendant.

Frank J. Ciano, Gargano, Gabriele, Ciano & Panatore, Cambridge, Mass., for plaintiff.

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (# 114)

ROBERT B. COLLINGS, United States Magistrate.

Plaintiff seeks reconsideration of my Order, Etc. (# 109) on General Motors Corporation's Rule 37(b)(2) Motion For Sanctions (# 103). *Odie v. General Motors Corporation,* 131 F.R.D. 365 (D.Mass.1990).

After a review of all filings on General Motors' motion which were filed before my Order, Etc. (# 109) and all pleadings on the same subject which have been filed since my Order, including ## 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121 & 124, I stand by the rulings contained in my Order.

In my Order, Etc., I determined to impose sanctions because the plaintiff violated the scheduling orders of the Court in two respects, necessitating the filing of motions for protection by General Motors. The first asserted violation was the serving of a request for production of documents after the close of discovery without asking for, much less obtaining, leave of Court. The second was the noticing of depositions for a date certain after the close of discovery when a request for leave to do so had been filed but not yet acted upon by the Court.

Plaintiff's ... Opposition To General Motors Corporation's Rule 37(b)(2) Motion For Sanctions (# 105) was based almost entirely on an argument that I had not issued a discovery order (e.g., an order under Rule 37(a)(2)) which the plaintiff had disobeyed and, in the absence of the disobedience of

**2**

such an order, no sanctions under Rule 37(b)(2) could be imposed. There was absolutely no quarrel with the factual allegations of General Motors' motion.

Of course, plaintiff's opposition was completely lacking in merit, since pursuant to Rule 16(f), Fed.R.Civ.P., the violation of a scheduling order, as occurred in the instant case, can result in imposition of any of the Rule 37(b)(2) sanctions.

 In Plaintiff's Motion For Reconsideration (# 114), plaintiff, for the first time in a written pleading, contested the factual underpinnings of General Motor's motion. Manifestly, this was too late. However, so as not to act precipitously, I directed General Motors to respond to two of plaintiff's new factual allegations, i.e. (1) that the request for production was an "informal" request and was served on General Motors at the request of its counsel that plaintiff's counsel "put it in writing" and (2) that General Motors' counsel was aware that plaintiff's counsel would not go forward with the depositions unless the Court had first granted leave. *See* # 117.

I do not find the request for production of documents to have been "informal." I find particularly compelling the draft of the status report to the Court (Exhibit C to # 120) and the actual status report filed by the parties. (Exhibit D to # 120) The credible evidence is that counsel for the plaintiff was specifically asked to withdraw the request for production, that he refused to do so, and that General Motors Corporation's Motion For A Protective Order (# 93) filed June 4, 1990 was the result.

I do not find any documentary support indicating that plaintiff's counsel told counsel for General Motors that he would not go forward with the four depositions until the Court ruled on the motion for leave to take the depositions. On June 21, 1990, plaintiff's counsel wrote to General Motors' counsel that "... these depositions will begin on July 19, 1990 at 9:00 A.M." (Exhibit F to # 120) Records indicate that there was a conversation between the office of plaintiff's counsel and General Motors' counsel on July 12, 1990 (*See* # 121) and that the motion for sanctions (# 103) was filed at

5:32 P.M. that afternoon. It would seem incongruous for General Motors to file the motion if plaintiff's counsel had agreed to defer the depositions until the Court ruled. Additionally, on July 12, 1990, at 5:32 P.M., defendant's counsel filed an Affidavit, Etc. (# 104) in which he related the conversation with plaintiff's counsel which occurred on the morning on July 12, 1990 in which plaintiff's counsel rejected General Motors' suggestion that plaintiff not go forward with the deposition until the Court ruled on the request for leave. Lastly, although the affidavit filed on July 12, 1990 plainly states that the conversation between plaintiff's counsel and General Motors' counsel took place "[o]n Thursday morning, July 12, 1990," plaintiff's counsel never denied that the conversation took place until he filed his motion for reconsideration on August 2, 1990. *See* Exhibit 2 to # 114. On the entire record, I do not find the plaintiff counsel's assertions in this regard to be credible.

Accordingly, it is ORDERED that the Motion For Reconsideration (# 114) be, and the same hereby is, DENIED.